FILED
00 AUG 17 PM 4: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE THYRATRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | CIVIL ACTION NO.  00-BU-1520-S |
| | ) | |
| WILLIAM C. FRANSON, DISTRICT | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, and | ) | |
| MICHAEL J. WALSH, CHAIRMAN, | ) | |
| WORKERS' COMPENSATION | ) | |
| PROGRAMS, | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
AUG 17 2000

## MEMORANDUM OPINION

The plaintiff, apparently a resident of Alabama, has submitted an application to proceed *in forma pauperis* on a standard IFP form. As defendants, the plaintiff has named William C. Franson, District Director, Office of Workers' Compensation Programs, Jacksonville, Florida, and Michael J. Walsh, Chairman, Employees' Compensation Appeals Board, U.S. Department of Labor, Washington, D.C. Pursuant to 28 U.S.C. § 1915, the court is to screen IFP complaints to determine whether they are frivolous or fail to state a claim upon which relief can be granted.

The plaintiff has submitted several documents from the U.S. Department of Labor, portions of which he has underlined or highlighted. He has also written comments on all of the documents. In the "Statement of Claims" section in the complaint form for pro se litigants, the plaintiff merely states: "Complicity by the

3

defendants in order to circumvent this part of the director's decision dated June 25, 1993 'the lump-decision was vacated' (28 Aug '69) [sic]. Under the "Relief" section, the plaintiff states: "Due Process of the applicable law guaranteed by the 14th Amendment. (Federal Employees' Compensation Act)." Although the plaintiff apparently disagrees with a decision made in a compensation claim, his complaint filed with this court is essentially unintelligible. Thus, it is concluded that the complaint is frivolous and fails to state a claim upon which relief can be granted.[1]

Wherefore, the plaintiff's motion to proceed *in forma pauperis* is due to be denied, and this action is due to be dismissed without prejudice. An appropriate order will be entered.

DONE this 17th day of August, 2000.

_____
H. Dean Buttram, Jr.
United States District Judge

---

[1] It is noted that in the "Decision and Order" issued February 14, 1994, it was stated that the appeal then under consideration was the plaintiff's *thirty-third* appeal. It is also noted that Judge Sharon Lovelace Blackburn has dismissed a previous IFP case filed by this plaintiff against William C. Franson concerning the plaintiff's compensation claims, CV-98-B-3027-S.

2